UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| TERRY WYNN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 1:11-0025 |
| | )   Judge Sharp |
| CITY OF PULASKI, TENNESSEE; | ) |
| OFFICER CHAD ESTES, in his | ) |
| individual and official capacities; | ) |
| SERGEANT JUSTIN YOUNG, in his | ) |
| individual and official capacities; | ) |
| OFFICERS #1-#20, in their official and | ) |
| individual capacities, | ) |
| | ) |
|     Defendants. | ) |

## ORDER

In accordance with the discussions at the final pretrial conference in this case on July 17, 2014, the Court confirms the following rulings:

(1) Plaintiff's Motion in Limine Concerning her Income, Student Loans and Financial Information (Docket No. 206) is hereby DENIED;

(2) The Court RESERVES RULING on Plaintiff's Motion in Limine Concerning her Children and Family Living Arrangements;

(3) The Court RESERVES RULING on Plaintiff's Motion in Limine Concerning Other Litigation and Employment Status (Docket No. 208);

(4) Defendant Estes' Motion in Limine Concerning Evidence Regarding Handcuffing and Injury to Wrists (Docket No. 209) is hereby DENIED;

(5) Defendant Estes' Motion in Limine to Limit Evidence Regarding Events After Plaintiff was Taken Into Custody (Docket No. 210) is hereby GRANTED;

(6) Defendant Estes' Renewed Motion in Limine to Exclude Evidence About Discipline and

Subsequent Training (Docket No. 211) is hereby GRANTED;

(7)  Defendant Estes' Motion in Limine to Allow Experts to Remain in Courtroom (Docket No. 212) is hereby GRANTED;

(8) Defendant Estes' Motion in Limine to Exclude Evidence Regarding Police Chief's Decision to Release Plaintiff (Docket No. 213) is hereby GRANTED;

(9) Defendant Estes' Motion in Limine Seeking Clarification Regarding Order Excluding Evidence Implying Inappropriate Sexual Contact (Docket No. 214) is hereby DENIED;

(10) Defendant Estes' Renewed Motion in Limine to Exclude Evidence Implying Racial Animus (Docket No. 215) is hereby GRANTED;

(11)  Defendant Estes' Motion in Limine to Exclude Evidence From Nursing Staff (Docket No. 216) is hereby DENIED;

(12)  Defendant Estes' Motion in Limine to Bifurcate Trial (Docket No. 217) is hereby DENIED AS MOOT because Plaintiff is not seeking punitive damages;

(13) Defendant Estes' Motion to Reconsider Admissibility of Plaintiff Erroneous and False Financial Aid Application (Docket No. 218) is hereby GRANTED;

(14) The Court RESERVES RULING on Defendant Estes' Objection and Motion to Strike Plaintiff's Designation of Witnesses (Docket No. 239).  By noon on Wednesday, July 23, 2014, Plaintiff shall re-designate the witnesses intended to be called at trial and Defendant Estes shall file a counter-designation of witnesses by the close of business on Monday, July 28, 2014;

(15) The Court hereby RESERVES RULING on Defendant Estes' Motion to Strike Witnesses Not Disclosed (Docket No. 240);

(16) Defendant Estes' Motion to Strike Plaintiff's Designation of Derek Malone as a Witness (Docket No. 241) is hereby GRANTED;

(17) Defendant Estes' Motion to Strike Plaintiff's Designation of Daniel Spear as a Witness (Docket No. 242) is hereby GRANTED;

(18) The Court hereby RESERVES RULING on Defendant Estes' Motion to Strike Exhibits Listed in Plaintiff's Designation of Trial Exhibits (Docket No. 243); and

(19) The parties shall meet with Magistrate Judge Bryant at 10:00 a.m. on Wednesday, July 23, 2104 for a settlement conference.

It is SO ORDERED.

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE